PER CURIAM.
Appellants, the plaintiffs below, appeal the lower court’s grant of a new trial following a jury verdict in plaintiffs’ favor and a damage award of $1,000,000. We affirm.
The trial court discussed several grounds for its decision to grant a new trial, including. the excessiveness of the verdict. Although each of the cited grounds, considered alone, might not constitute a sufficient basis for the grant of a new trial, considering the cumulative effect of issues raised, we conclude that no abuse of discretion occurred in the court’s decision to grant a new trial. Bankers Multiple Line Insurance Co. v. Farish, 464 So.2d 530 (Fla.1985). In particular we note that the amount of the verdict cannot be sustained by any view of the evidence and apparently resulted from the jury being improperly influenced by passion or prejudice. Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA) review denied 494 So.2d 1150 (Fla.1986). We further note, however, that one of the grounds cited by the trial judge was clearly improper. In its order granting the defendant’s new trial motion the court sua sponte cited the plaintiffs’ counsel’s overly emotional closing argument as one of the most important reasons a new trial was warranted, stating that counsel had employed this tactic in other trials. Such an observation regarding counsel’s behavior in other proceedings as part of the new trial order was improper. Nevertheless, considering all the grounds set forth in the order, the grant of a new trial was within the lower court’s discretion, and is
AFFIRMED.
SMITH, THOMPSON and MINER, JJ., concur.